UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENNETH-FRANKLIN CROTZ III, | Case No. 1:25-mc-00311-BLW |
| Plaintiff, | *[to be re-opened as a civil case]* |
| v. | **MEMORANDUM DECISION AND ORDER** |
| JOHNSON MARK LLC and/or CAPITAL ONE, N.A. and its agents, assigns, and representatives, | |
| Defendants | |

# INTRODUCTION

Before the Court are two filings by pro se litigant Kenneth-Franklin Crotz III. One filing is captioned as a "Notice of Lodging" (Dkt. 1) and the other as a "Bill in Equity for Declaratory and Injunctive Relief (Pursuant to Equitable Jurisdiction, U.S. Constitution Article III 2, and Maxims of Equity: *Verified*." (Dkt. 2). Within the Notice of Lodging, Crotz indicates that he is "tendering" the Bill in Equity "for lodging and chambers review only . . . not to be filed on the public docket unless and until the presiding Chancellor so orders." Dkt. 1, at 2. The Clerk received these filings and opened a sealed, miscellaneous matter. For the reasons explained below, the Court will direct the Clerk's office to re-open this as a civil action, unseal all filings, and conditionally file the Bill of Equity as a complaint.

## DISCUSSION

**1. The Complaint**

The filing at Dkt. 2, though titled a "Bill of Equity," is a civil complaint. The document is 98 pages long and difficult to follow at times. In essence, however, it appears Crotz is challenging efforts to collect an underlying debt. *See* Dkt. 2, at ECF 27 (attaching an April 15, 2025 letter to Johnson Mark LLC, and referencing an "alleged debt of 3,633.41 allegedly owed to CAPITAL ONE, N.A. and being collected by Johnson Mark LLC.")). He also may be challenging a related state-court judgment. *Id.* at 3 of 16 (referencing a "purported judgment" and a "purported default judgment"). He has identified various "causes of action (equitable only)" in the filing, including: (1) "breach of fiduciary duty in equity"; (2) failure to account/equitable accounting; (3) breach of private administrative agreement; (4) constructive fraud by silence; (5) interference with beneficial rights; and (6) "need for equitable relief due to lack of remedy at law." *Id.* at 8-9 of 16. And, within the "Remedies Sought" section, he seeks: (1) a declaration that the debt has been "settled and closed"; (2) an order requiring defendants to cease collection activity; and (3) enforcement of a claimed $5,000 defendants allegedly owe Kenneth Crotz's estate for dishonor, time, expense, and administrative burden." *Id.* at 9-10 of 16.

Under Rule 3 of the Federal Rules of Civil Procedure, "[a] civil action is

commenced by the filing of a complaint with the court." Despite its title, the "Bill of Equity" is actually a civil complaint. For that reason, the Court will direct the Clerk to re-open this matter as a regular civil case. The Court will clarify that it is not offering any opinion regarding the viability of the claims Crotz is attempting to assert, and whether they would survive an initial screening order or a motion to dismiss. Rather, at this point, the Court has simply concluded that the filing qualifies as a civil complaint.

2. The Filing Fee

The next issue is that if Crotz wishes to file a civil action, he must either pay the $405 filing fee or submit an Application to Proceed In Forma Pauperis ("IFP"). The docket reflects that Crotz paid $52, which is the fee charged for opening a miscellaneous matter. Under these circumstances, the Court will order Crotz to pay the balance of the applicable $405 filing fee ($353) or, alternatively, submit a properly completed IFP application within 21 days of this order. Failure to comply with this order will result in dismissal of this action without further notice. Until Crotz has paid the fee or until this Court grants an IFP application, the Court will order the Clerk to conditionally file the Bill of Equity (Dkt. 2) as a complaint.

3. The Request to Seal

Finally, the Court will address the request to seal, made within the Notice of Lodging. Court records are presumptively open to the public, and Crotz has not

made any effort to satisfy the standard applicable to motions to seal. *See, e.g., Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096-98 (9th Cir. 2016). Accordingly, the Court will deny the motion and direct the Clerk to unseal all filings in this matter.

## ORDER

**IT IS ORDERED that:**

1. The Clerk is directed to re-open this matter as a standard civil case, assigning it a new civil case number and conditionally filing the Bill in Equity (at Dkt. 2) as a complaint.

2. Within 30 days, Crotz shall either: (1) pay $353 (the balance of the $405 filing fee for a standard civil action); or (2) submit an IFP application. Failure to do so will result in dismissal of the case without prejudice.

3. Crotz's request to seal these filings (made within the Notice of Lodging at Dkt. 1) is DENIED. Accordingly, the Clerk is directed to unseal all filings in this matter.

DATED: December 8, 2025

B. Lynn Winmill
U.S. District Court Judge